**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHLEY N. ATAMAN,<br><br>Plaintiff,<br><br>v.<br><br>PRISCINA R. PARRIS, LIVE CAR, INC., a/k/a LIVO CAR, INC., and JOHN DOE, a fictitious name,<br><br>Defendants. | Civil Action No. 23-20994 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon Plaintiff Ashley N. Ataman's unopposed Motion for Default Judgment (ECF No. 12) against Defendants Priscina R. Parris ("Parris") and Live Car, Inc., a/k/a Livo Car Inc., pursuant to Federal Rule of Civil Procedure ("Rule") 55(b). Defendants have not filed opposition papers or otherwise appeared in this case. (ECF Nos. 9 & 11.)

    When seeking a default judgment under Rule 55(b), "a plaintiff . . . must submit 'an affidavit or affirmation from the moving party or its attorney, indicating that the defendant is a competent adult . . .'" *Otero v. Wang*, Civ. No. 20-02409, 2021 WL 1339994, at *2 (E.D. Pa. Apr. 9, 2021) (citing *FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (collecting cases)). A plaintiff must also submit an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit" or, if the plaintiff cannot "determine whether or not the defendant is in military service," the plaintiff must submit an affidavit stating so. 50 U.S.C.A. § 3931; *see also Otero*, 2021 WL 1339994 at *1 ("This

affidavit, required by the Servicemembers Civil Relief Act, 'is a mandatory precondition to any default judgment, even if the requirements of Rule 55 for default judgment are otherwise met.'") (citing *Coss v. Clemente*, Civ. No. 10-1479, 2011 WL 2632670, at *1 (M.D. Pa. June 9, 2011)).

Upon the Court's review of documents filed by Plaintiff, the Court has not found the above required materials regarding the individual Defendant. Further, Plaintiff has not sufficiently addressed Defendant Live Car Inc.'s, a/k/a Livo Cars, Inc.'s culpability or involvement as it relates to the car accident and to the actions of the individual defendant as required by the well-pleaded complaint rule for default judgment and the requirement to show a defendant's culpability. *Days Inns Worldwide, Inc. v. T.J. LLC*, Civ. No. 16-8193, 2017 WL 935443, at *2 (D.N.J. Mar. 9, 2017) (citations omitted); *see also Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citations omitted). The Court therefore finds a supplemental submission regarding the cause of action against the corporate defendant is necessary prior to the Court deciding Plaintiff's motion, and Plaintiff must submit an additional affidavit regarding the individual defendant.

Plaintiff shall file its supplemental documents within 14 days of this Order. In light of the supplemental briefing that has been ordered, for docket management purposes only the Clerk shall administratively terminate Plaintiff's motion for default judgment (ECF No. 12), subject to reopening and relisting of the motion when Plaintiff's supplemental brief has been filed.

Dated: September 6, 2024

*[Signature]*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

2