<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASHLEY N. ATAMAN,<br><br>         Plaintiff,<br><br>     v.<br><br>PRISCINA R. PARRIS, LIVE CAR, INC.,<br>a/k/a LIVO CAR, INC., and JOHN DOE, a<br>fictitious name,<br><br>         Defendants. | Civil Action No. 23-20994 (GC) (TJB)<br><br><u>**MEMORANDUM OPINION**</u> |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Plaintiff Ashley N. Ataman's unopposed

Motion for Default Judgment (ECF No. 15) against Defendant Priscina R. Parris, pursuant to

Federal Rule of Civil Procedure ("Rule") 55(b). Parris has not filed opposition papers, and neither

Parris nor Defendant Live Car Inc., a/k/a Livo Car, Inc. ("Livo Car") have appeared in this case.

(ECF Nos. 9 & 11.) The Court has carefully reviewed Plaintiff's submissions and decides the

motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons

set forth below, and other good cause shown, Plaintiff's Motion for Default Judgment is

**GRANTED** as to liability, and the Court shall issue final judgment after an evidentiary hearing to

determine damages.

## I.    <u>BACKGROUND</u>

### A.    **Factual Background**

Plaintiff is a citizen of New Jersey residing in Warren County. (ECF No. 5 ¶ 1.) Parris is

an adult resident of New York. (*Id.* ¶ 2.) On November 28, 2021, Plaintiff was driving on Route

78 Westbound in Hunterdon County, New Jersey. (*Id.* ¶ 6.) Parris "failed to maintain her lane of traffic" and struck Plaintiff's vehicle. (*Id.* ¶¶ 6-7.)

Plaintiff alleges that Parris caused the accident due to her negligence, carelessness, recklessness, and/or gross negligence including by (1) failing to keep a careful and diligent watch on the roadway, (2) failing to warn Plaintiff of her approach, (3) failing to avoid contact with Plaintiff's vehicle, and (4) failing to maintain her lane of travel. (*Id.* ¶ 8.) Plaintiff alleges that Parris violated multiple provisions of the New Jersey motor vehicle code, including N.J. Stat. Ann. § 39:4-97.2 by operating a vehicle in an unsafe manner; § 39:4-97 by driving carelessly; and/or § 39:4-96 by driving recklessly. (*Id.*) As a result of the car accident, Plaintiff suffered severe bodily injuries including a right elbow injury requiring surgery; a fractured nose; a sprained and strained neck, back, and shoulder; contusions and abrasions, and mental health issues including post-traumatic stress disorder ("PTSD"), depression, fear, and anxiety. (*Id.* ¶ 11.) Plaintiff alleges that she currently suffers and will continue to suffer in the future in the form of sensory function, motor function, and limitation on range of motion. (*Id.* ¶ 15.)

Plaintiff has also allegedly suffered serious financial losses due to her injuries and anticipates that she will continue to suffer financial loss due to ongoing medical issues and costs for medication, medical assistance, and other treatments and devices. (*Id.* ¶¶ 15-24.) Further, Plaintiff alleges that due to the accident she currently cannot and in the future will not be able to "pursue and . . . enjoy the usual activities of life of an individual of Plaintiff's age, and will suffer a loss of enjoyment of life, loss of life expectancy, loss of happiness, and loss of the pleasures of life throughout the remainder of her life, all of which will be to her great financial loss." (*Id.* ¶ 25.)

### B.    Procedural History

On October 9, 2023, Plaintiff filed her Complaint against Defendants Parris and Livo Car, as well as Ayeshah Lockwood and Bettie J. Johnson. (ECF No. 1.)  On November 28, Plaintiff filed an Amended Complaint against only Parris and Livo Car. (ECF No. 5.)  On December 18, Plaintiff served Livo Car's registered agent with the Summons and Amended Complaint. (ECF No. 6; ECF No. 9 ¶ 4.)  On January 16, 2024 Plaintiff's counsel filed an affidavit certifying that Parris had been served via regular mail and certified mail, return receipt requested, and that Parris "acknowledged receipt as evidenced by the signed and stamped return receipt card" attached to the affidavit. (ECF No. 7.)  On February 24, Plaintiff requested the Clerk of Court to enter default against both Parris and Livo Car. (ECF No. 9.)  The Clerk rejected Plaintiff's request on the basis that Parris had not yet been properly served. (Docket entries dated Feb. 26, 2024.)  The Clerk entered default against Livo Car on the same day. (*Id.*)

On March 28, Plaintiff filed a renewed request for a Clerk's Entry of Default against Parris, which included a certification of Plaintiff's counsel describing Plaintiff's multiple attempts to serve Parris. (ECF No. 11-1 ¶¶ 2-3, 5, 12-13.)  According to Plaintiff's counsel, on March 4, Plaintiff's hired process server served the Summons and Amended Complaint personally on an adult female at Parris's residence who "refused to provide [her] name and identified herself as a co-tenant" of Parris. (*Id.* ¶ 12.)  Plaintiff filed a renewed request for the Clerk's Entry of Default against Parris (ECF No. 11), and on April 1 the Clerk entered default against her (ECF entry dated April 1, 2024).  Shortly after, Plaintiff moved for default judgment against both Parris and Livo Car, seeking compensatory and punitive damages against Parris in an amount to be proved at a damages hearing, as well as reasonable attorneys' fees and cost of suit. (ECF No. 12; ECF No. 5 ¶ 29.)

On September 6, 2024 the Court issued a Memorandum Order directing Plaintiff to file supplemental documents in support of her Motion for Default Judgment. (ECF No. 13.) On September 11, Plaintiff amended her Motion for Default Judgment to seek judgment solely against Parris and filed supplemental briefing per the Court's Memorandum Order. (ECF Nos. 14 & 15.) Plaintiff submitted an affidavit from her attorney certifying that Parris is a competent adult not currently serving in the United States Armed Forces based on a diligent investigation and included the materials available to Plaintiff's counsel.[1] (ECF No. 15-1 at 4.[2])

To date, neither Parris nor Livo Car have responded or otherwise appeared in this action.

## II.    <u>LEGAL STANDARD</u>

Under Rule 55(a), a plaintiff may request that the clerk of court enter default as to "a party against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a default has been entered, the plaintiff may then seek the entry of a default judgment — either by the clerk or the court itself — under Rule 55(b). Fed. R. Civ. P. 55(b).

A party is not entitled to a default judgment as of right; "the entry of such a judgment is left primarily to the discretion of the district court." *DirecTV, Inc. v. Asher*, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). Because default judgments prevent the resolution of claims on their merits, the court "does not favor entry of defaults and default judgments." *United States v. Thompson*, Civ.

---

[1]    The Court finds that Plaintiff's supplemental filings regarding Parris's competency and military service required by the Servicemembers Civil Relief Act are sufficient. (*See* ECF Nos. 15-1 at 4-8.)

[2]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

No. 16-0857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Following an entry of default, "[a] defendant is deemed to have admitted the factual allegations of the Complaint . . . except those factual allegations related to the amount of damages." *DirecTV*, 2006 WL 680533, at *1 (citation omitted).  Still, "[t]he Court need not accept the moving party's legal conclusions, because [e]ven after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (citation and internal quotation marks omitted).

In entering default judgment, a court must determine whether (1) it has personal and subject matter jurisdiction, (2) the defendant was properly served, (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. T.J. LLC*, Civ. No. 16-8193, 2017 WL 935443, at *2 (D.N.J. Mar. 9, 2017) (citing *Days Inns Worldwide, Inc. v. Jinisha Inc.*, Civ. No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015)).  In addition, the court must evaluate three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (same).  If these factors weigh in favor of the moving party, the court may grant default judgment.

## III.    DISCUSSION

### A.    Subject-Matter and Personal Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter

and the parties.'" *Werremeyer v. Shinewide Shoes, Ltd.*, Civ. No. 19-10228, 2023 WL 6318068, at *2 (D.N.J. Sept. 28, 2023) (citations omitted).

The Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1332(a) as "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens . . . of a State and citizens or subjects of a foreign state." Here, Plaintiff is a citizen of New Jersey, and Parris is a citizen of New York residing in New York. (ECF No. 5 ¶¶ 1-3.) Given the severity of Plaintiff's alleged injuries and the Amended Complaint's allegation that the amount of controversy requirement of § 1332 is satisfied, the Court is satisfied at this stage that it has subject-matter jurisdiction, subject to the exact amount of damages to be proven at a proof hearing. *See, e.g.*, *G.B. v. Jade Mails Hair Spa*, Civ. No. 19-06093, 2021 WL 4149146, at *1-2 (E.D. Pa. Sept. 13, 2021) (granting default judgment conditioned upon proof of damages at a later hearing where plaintiff did not allege a specific amount in controversy, but claimed that the amount in controversy exceeded $75,000 and alleged "a variety of physical and mental ailments" resulting from a sexual assault).

The Court must also determine whether it has personal jurisdiction over Parris. A federal district court sitting in New Jersey has jurisdiction over parties "to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (internal citations omitted); Fed. R. Civ. P. 4(k) (permitting federal district courts to exercise personal jurisdiction over non-resident defendants to the extent permitted by the law of the state in which it sits). New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution, so that this Court's jurisdiction is "constrained, . . . only by the 'traditional notions of fair play and substantial justice,' inhering in

the Due Process Clause of the Constitution." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 144-45 (3d Cir. 1992) (citing N.J. Ct. R. 4:4-4). "Thus, parties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." *Miller Yacht Sales*, 384 F.3d at 96 (citations omitted).

The two types of personal jurisdiction are general and specific personal jurisdiction. *O'Connor v. Sandy Lane Hotel Co. Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). Because Parris is not a resident of New Jersey, the Court must determine whether it has specific personal jurisdiction over Parris, which requires that "(1) the defendant purposefully directed its activities at the residents of the forum, (2) the claim arises out of or relates to those activities, and (3) the assertion of personal jurisdiction is reasonable and fair." *See Higgins v. Newsmax Broadcasting LLC*, Civ. No. 23-03628, 2024 WL 3064844, at *4 (D.N.J. Jun. 20, 2024) (citations omitted). "A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant." *Miller Yacht Sales*, 384 F.3d at 96 (internal citations omitted).

Here, the Court may exercise specific personal jurisdiction over Parris because the alleged car accident occurred in New Jersey. New Jersey allows for "the exercise of personal jurisdiction over a nonresident defendant who commit[s] a single tortious act, whether negligent or intentional, within New Jersey," even where "the defendant's sole contact with New Jersey consisted of the single visit yielding the [car] accident." *Carteret*, 954 F.2d at 147 (citing *Knight v. San Jacinto Club, Inc.*, 232 A.2d 462, 466 (N.J. 1967)). Because Parris availed herself of the roadways of New Jersey, the case at hand "arise[s] or relate[s] to" contact with the forum, and being subject to suit in the state does not raise any fairness concerns. *Singh v. Diesel Transportation, LLC*, Civ. No. 16-02311, 2016 WL 3647992, at *4 (D.N.J. July 7, 2016) (citing *O'Connor v. Sandy Lane Hotel*

*Co., Ltd.*, 296 F.3d 312, 317 (3d Cir. 2007)); *see also Diaz v. Pereira*, Civ. No. 08-2543, 2010 WL 3636284, at *7 (D.N.J. Sept. 9, 2010) ("New Jersey has a significant interest in the rights of parties and insurers concerning a motor vehicle accident that occurs in New Jersey, as its police, hospitals, insurance companies and courts all get involved regardless of the residence of one of the drivers.) (internal citations and quotation marks omitted).

**B.      Service of Process**

As an individual within a judicial district of the United States, Parris could be properly served by leaving a copy of the summons and of the amended complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B).  In this case, after many attempts at service, Plaintiff's process server left the Summons and Complaint at Parris's residence with a thirty-year-old female who identified herself as a co-tenant.  (ECF No. 10.)  Thus, the Court finds that Parris was properly served under Rule 4(e)(2)(B).

**C.      Sufficiency of the Complaint**

"A consequence of the entry of default judgment is that the factual allegations of the complaint . . . will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted).  Here, Plaintiff alleges that Parris left her lane while driving carelessly and unsafely and struck Plaintiff, violating several provisions of the New Jersey motor vehicle code and causing serious physical and mental injuries.  (ECF No. 5 ¶¶ 6-15.)

In actions alleging a personal injury under New Jersey law, Plaintiff must file within two years, which Plaintiff has done.  N.J. Stat. Ann. § 2A:14-2; *see also Acuna-Viales v. Pasquale*, Civ. No. 24-1048, 2024 WL 3272835, at *3 (D.N.J. July 2, 2024) ("New Jersey law gives litigants two years to file a personal-injury claim." (internal quotation marks and citations omitted)).

8

Further, to sustain an action for personal injury under New Jersey law based on negligence, Plaintiff must allege (1) a duty of care; (2) a breach of that duty; (3) proximate cause for the injuries; and (4) actual damages. *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015); *see also Hattrich v. Neil*, 2018 WL 6596117, at *1 (N.J. Super. Ct. App. Div. Dec. 17, 2018) (requiring the plaintiff to establish proximate cause of an auto accident). In a motion for default judgment, the Court takes all facts as alleged as true, with the exception of Plaintiff's damages calculation. *Comdyne*, 908 F.2d at 1149. Here, Plaintiff has alleged that Parris negligently left her lane of traffic, collided with Plaintiff, and caused her serious injury. (ECF No. 5 ¶ 8.) The Court finds Plaintiff has sufficiently alleged personal injury due to Parris's negligence under New Jersey law.

### D.    Appropriateness of Default Judgment

The Court next must assess (1) the potential prejudice suffered by Plaintiff if default judgment is not entered, (2) whether Parris has a meritorious defense, and (3) Parris's culpability. *Doug Brady*, 250 F.R.D. at 177 (citing *Sambrick*, 834 F.2d at 74). Here, Plaintiff will be prejudiced if there is no avenue of recovery for her personal injuries. *See Gowan v. Cont'l Airlines, Inc.*, Civ. No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiff] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant.")

Further, nothing before the Court demonstrates that Parris has a meritorious defense. *See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012) ("assum[ing] that the Defendants have no litigable defenses available" because they "have not filed anything with the Court," "have offered no defense," and "the facts asserted in the complaint do not contain any information that could provide the basis for a meritorious defense"); *see also Rose Containerline, Inc. v. Omega Shipping Co.*, Civ. No. 10-4345,

2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011) (same). Finally, the Court finds Parris responsible for her failure to appear in this litigation because "there is nothing before the Court to show that [her] failure to file an answer was not willfully negligent." *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011); *see also United States v. Cruz*, Civ. No. 20-3903, 2021 WL 1884862, at *2 (D.N.J. May 11, 2021).

On balance, these factors warrant the entry of default judgment against Parris.

**E.    Damages**

Plaintiff still must prove damages. *See Comdyne* , 908 F.2d at 1149. The Court need not accept allegations as to damages as true under Rule 55(b), *DirecTV*, 2006 WL 680533, at *1, and it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of its allegations if the Court finds evidentiary support to be lacking, *Thompson*, 2017 WL 3634096, at *1 (citing *Doe v. Simone*, Civ. No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013)).

Here, the quantity of damages is not certain, and Plaintiff has requested a damages hearing pursuant to Rule 55(b)(2). (ECF No. 15-1 ¶ 11.) Accordingly, a hearing to assess damages is necessary and the Court shall issue a separate Order scheduling the hearing. Plaintiff will be required to put forth evidence supporting the specific amounts of damages requested.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, and other good cause shown, Plaintiff's Motion for Default Judgment (ECF No. 15) is **GRANTED** as to liability, and the Court shall issue final judgment after an evidentiary hearing to determine damages.  An appropriate Order follows.

Dated: September 24, 2024

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

11